

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-8-2003

# Resnick v. Chubb Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3843

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Resnick v. Chubb Corp" (2003). *2003 Decisions.* Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3843

JOEL RESNICK,
                    Appellant

v.

CHUBB CORPORATION;
PACIFIC INDEMNITY INSURANCE, CO., INC.;
FEDERAL INSURANCE COMPANY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-04729
(Honorable Harvey Bartle, III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2003

Before:  SCIRICA, *Chief Judge*, RENDELL and AMBRO, *Circuit Judges*

(Filed September 8, 2003)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

The District Court granted defendant's motion to dismiss the complaint in this insurance litigation. Plaintiff appeals. We will affirm.

**I.**

On January 18, 2000, Joel Resnick was in Brazil on a business trip. While riding as a passenger in a taxi cab, Resnick was involved in an accident when the driver allegedly had an epileptic seizure causing him to drive off the road and strike a pole. Resnick sustained injuries from the accident.

Resnick believed that the taxi driver was uninsured and sought uninsured motorists benefits from his insurance providers. At the time of the accident, Resnick and his wife had two insurance policies: a Masterpiece Auto Preference Policy issued by Federal Insurance Co. and a Masterpiece Excess Liability Policy issued by Pacific Indemnity Insurance Co., Inc. Chubb Corporation is the parent company of both Federal Insurance and Pacific Indemnity.

In a letter from the Chubb Group of Insurance Companies, Federal Insurance and Pacific Indemnity denied the claims. The letter quoted language in the Federal Insurance auto policy that "coverage applie[d] to a loss occurring anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada," thus providing no coverage for the accident. The letter also stated that, while the Pacific Indemnity excess policy provided liability coverage anywhere in the world, uninsured motorists protection

2

was limited to the geographical restrictions set forth in the Federal Insurance policy. According to the letter, the Pacific Indemnity policy also provided no coverage for the accident.

Resnick filed suit in federal court against Federal Insurance, Pacific Indemnity and Chubb, alleging breach of contract and breach of fiduciary duty, and seeking declaratory relief. In response to defendants' motions to dismiss, Resnick acknowledged that he was not entitled to benefits under the Federal Insurance policy because of its geographical restrictions and that he could not maintain his fiduciary duty claim against any of the defendants.

The District Court granted the motions to dismiss on all claims for all defendants. On appeal, Resnick challenges the District Court's judgment as to Pacific Indemnity, the issuer of the excess policy.[1] He does not pursue claims against Federal Insurance or Chubb.

---

[1]We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of defendant's motion to dismiss. *See Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003). "We accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff. We will affirm only if no relief could be granted under any set of facts the plaintiff could prove." *Id*.

**II.**

**A.**

Resnick contends the Pacific Indemnity policy provides coverage for his accident based on provisions detailing the policy's uninsured motorists protection. The policy provides:

> We cover damages for bodily injury a covered person is legally entitled to receive from the owner or operator of an uninsured or underinsured motorized land vehicle. We cover these damages in excess of the underlying insurance or the Required Primary Underlying Insurance, whichever is greater, if they are caused by an occurrence during the policy period, unless otherwise stated.
>
> . . .
>
> This coverage will follow form.

The policy defines "follow form" to mean:

> We cover damages to the extent they are both covered under the Required Primary Underlying Insurance and, not excluded under this part of your Masterpiece Policy. Also, the amount of coverage, defense coverages, cancellation and "other insurance" provisions of this policy supersede and replace the similar provisions contained in such other policies. When this part of your policy is called upon to pay losses in excess of required primary underlying policies exhausted by payment of claims, we do not provide broader coverage than provided by such policies. When no primary underlying coverage exists, the extent of coverage provided on a follow form basis will be determined as if the required primary underlying insurance had been purchased from us.

Resnick acknowledges that the first sentence of this provision supports Pacific Indemnity's argument that its policy only provides protection when there is coverage under the required primary underlying insurance, and therefore because the underlying Federal Insurance policy does not provide coverage due to geographical limitations, the

4

Pacific Indemnity policy would not provide coverage either. But Resnick focuses on the last sentence in the follow form definition. Resnick argues the last sentence provides that when there is no underlying coverage, such coverage will be deemed to exist. As such, Resnick contends that here the Pacific Indemnity policy still provides coverage, given the assumed underlying coverage, even though no actual underlying coverage is provided by the Federal Insurance policy.

We believe that Resnick's interpretation of the Pacific Indemnity policy is incorrect.[2] The clear language is that the policy provides excess uninsured motorists coverage when the underlying policy provides uninsured motorists coverage. The last sentence in the follow form definition provides that, if the underlying policy was not issued by a Chubb insurer and does not provide coverage, or if there is no underlying insurance at all, the Pacific Indemnity policy will still provide excess coverage if

---

[2]In diversity actions, the court must determine which state's law applies. The District Court held that, under both Pennsylvania and Kansas law, when an insurance policy is clear and unambiguous, the policy must be enforced as made. *See Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999) (Under Pennsylvania law, "[w]hen the language of an insurance contract is clear and unambiguous, a court is required to enforce that language."); *Catholic Diocese v. Raymer*, 840 P.2d 456, 459 (Kan. 1992) (Under Kansas law, "[w]hen an insurance contract is not ambiguous, the court may not make another contract for the parties. Its function is to enforce the contract as made."). Thus, there was no need for an extensive choice of law examination in analyzing Resnick's first argument. The parties do not challenge the District Court's choice of law determination and because there is no ambiguity in the Pacific Indemnity policy, we enforce the policy's language.

As we discuss, Resnick's second argument focuses on a specific Kansas statute. As such, we analyze this matter under Kansas law.

5

underlying coverage would have been provided by a Chubb insurer.[3]  Because here the underlying Federal Insurance policy does not provide coverage for the accident, the Pacific Indemnity policy does not provide coverage.  The last sentence in the follow form definition plays no role here because the underlying insurance was issued by a Chubb insurer.  Thus, the District Court correctly concluded that coverage is not required under the language of the Pacific Indemnity policy.[4]

---

[3]In like manner, the District Court read the last sentence in the follow form definition to mean:

> [I]f underlying insurance was purchased from a company other than a Chubb subsidiary, and contained no coverage, the excess insurer would look to the underlying coverage that the insured would have had under a policy written by a Chubb subsidiary.  If a Chubb subsidiary such as Federal would have provided underlying coverage, then there would be excess coverage by the Chubb excess carrier even though the non-Chubb underlying policy did not provide coverage.

*Resnick v. Chubb Corp.*, No. 02-4729, at 6 (E.D. Pa. Oct. 2, 2002).  Resnick disagrees arguing that the Pacific Indemnity policy makes no reference to a distinction between underlying policies issued by Chubb insurers and underlying policies issued by non-Chubb insurers.  But this distinction is made by the last sentence in the follow form definition, which contrasts other underlying policies with underlying policies "purchased from us."  Resnick offers no viable explanation for the reference to underlying insurance "purchased from us."

[4]To support his argument, Resnick also cites to another policy provision that states:

> Failure [to maintain the required primary underlying insurance], or failure of any of your primary underlying insurers due to insolvency or bankruptcy, shall not invalidate this part of your policy.  In the event of any such failure, we shall only be liable in excess of the foregoing minimum amounts and to no greater extent with respect to coverages, amounts and defense costs than we would have been had this failure not occurred.

6

**B.**

Resnick also contends that, even if the Pacific Indemnity policy does not provide coverage for the accident, coverage is required by law. For this argument, Resnick points to Kansas Statutes Annotated § 40-284(a), which requires that certain insurance policies provide uninsured motorists coverage limits equal to liability coverage limits.[5] Resnick argues that because the Pacific Indemnity policy provides worldwide liability coverage, the statute requires that the policy also provide co-extensive uninsured motorists coverage and cover the accident here.

But this provision provides no coverage here.

[5]Kansas Statutes Annotated § 40-284(a) provides:

> No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits equal to the limits of liability coverage for bodily injury or death in such automobile liability insurance policy sold to the named insured for payment of part or all sums which the insured or the insured's legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of a motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization. No insurer shall be required to offer, provide or make available coverage conforming to this section in connection with any excess policy, umbrella policy or any other policy which does not provide primary motor vehicle insurance for liabilities arising out of the ownership, maintenance, operation or use of a specifically insured motor vehicle.

7

The flaw in Resnick's argument is that Kansas Statutes Annotated § 40-284(a) explicitly excludes excess and umbrella policies from its requirements. The statute provides:

> No insurer shall be required to offer, provide or make available coverage conforming to this section in connection with any excess policy, umbrella policy or any other policy which does not provide primary motor vehicle insurance for liabilities arising out of the ownership, maintenance, operation or use of a specifically insured motor vehicle.

Kan. Stat. Ann. § 40-284(a).

Nonetheless, Resnick contends the Pacific Indemnity policy does not fit into the exclusion, arguing that the policy functions as both primary and excess insurance and thus must adhere to the requirements of the statute. In support, Resnick cites to a provision in the Pacific Indemnity policy explaining the extent of the liability coverage. The provision states:

> We cover damages a covered person is legally obligated to pay for personal injury or property damage, caused by an occurrence:
> • in excess of damages covered by the underlying insurance; or
> • from the first dollar of damage where no underlying insurance is required under this policy and no underlying insurance exists; or
> • from the first dollar of damage where underlying insurance is required under this policy but no coverage is provided by the underlying insurance for a particular occurrence, unless stated otherwise or an exclusion applies.

Resnick argues that because the policy provides liability coverage "from the first dollar of damage" when no underlying coverage is available, it serves as primary insurance, as well as excess insurance.

But the fact that the policy provides liability coverage "from the first dollar" in certain instances does not render the exclusion in Kansas Statutes Annotated § 40-284(a) inapplicable. Applying Kansas law, the United States District Court for the District of Kansas explained the proper categorization of this type of insurance, which provides both coverage in excess of damages covered by the underlying insurance and, at times, first dollar coverage. Such "hybrid" coverage constitutes umbrella insurance. *Fid. & Deposit Co. of Md. v. Hartford Cas. Ins. Co.*, 189 F. Supp. 2d 1212, 1223 (D. Kan. 2002).

> [A]n umbrella policy generally provides two types of coverage: excess coverage and, when broader than the underlying policy, primary coverage. An umbrella policy provides standard excess insurance coverage that applies after a predetermined amount of primary coverage is exhausted. Additionally, an umbrella policy can provide broader coverage than the underlying policy, meaning that the umbrella policy will "drop down" to provide primary coverage.

*Id.* (citations omitted); *see also Coleman Co., Inc. v. Cal. Union Ins. Co.*, 960 F.2d 1529, 1530 n.1 (10th Cir. 1992) (similarly defining umbrella insurance in suit under Kansas law). Thus, the liability insurance provided by Pacific Indemnity might be better termed "umbrella," rather than "excess," but, in any event, it is not primary insurance. Because excess and umbrella policies are explicitly excluded from the requirements of Kansas Statutes Annotated § 40-284(a), the statute does not require that the Pacific Indemnity

9

policy provide uninsured motorists coverage to the same extent it provides liability coverage. For this reason, there is no coverage here.[6]

**III**.

The Pacific Indemnity policy does not provide coverage for this accident nor is such coverage required by law. For these reasons, we will affirm the District Court's order granting Pacific Indemnity's motion to dismiss.

---

[6]Resnick argues that included in the requirement that uninsured motorists coverage limits must equal liability coverage limits is the requirement that the coverages be geographically co-extensive. We need not address this argument because we hold the Pacific Indemnity policy is excluded from the requirements of Kansas Statutes Annotated § 40-284(a).

Also, there is no need to address Pacific Indemnity's argument that, even if the Kansas statute applied here, coverage would be denied because of a business pursuits exclusion in the policy.

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Anthony J. Scirica_____
*Chief Judge*

DATED: September 8, 2003